UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Patrick L. Booker, ) | Case No. 8:24-cv-04593-DCC-MGB |
| Plaintiff, ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| United States of America, ) | |
| Defendant. ) | |

Patrick L. Booker ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, brings this civil action seeking to compel Congress to hold a constitutional convention. (Dkt. No. 1.) In bringing this lawsuit, Plaintiff has also filed a "Motion for Preliminary Injunction." (Dkt. No. 3.) Under Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review this case and submit findings and recommendations to the assigned United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed and Plaintiff's motion for injunctive relief be denied.

## BACKGROUND

In a display of somewhat circular reasoning, Plaintiff alleges that "the current Constitution of the United States is unconstitutional" based on its "origins in invidious discrimination and fascism." (Dkt. No. 1 at 1.) More specifically, Plaintiff states that the United States Constitution was designed by "slaveholders" with the intent to "establish and maintain a system of governance that favors a specific, privileged class at the expense of others." (*Id.* at 2–4.) As a result, the Constitution has "perpetuated inequities" against "marginalized communities" and "continues to facilitate a systemic discrimination and inequality." (*Id.* at 3–4.) "[A]s it currently stands, [the United States Constitution] fails to meet the contemporary standards of justice, equity, and democracy" and violates "the

fundamental rights of all American citizens to equal protection under the law, as guaranteed by the Fifth and Fourteenth Amendments." (*Id.* at 4–5.)

"[A]s a representative of the American people," Plaintiff now proposes "Project 2028, a comprehensive plan for a new United States of America, which includes a new Constitution that reflects contemporary values, protects the rights of all individuals, and promotes social, economic, and environmental justice." (*Id.* at 4.) Plaintiff "seeks judicial intervention to declare the current Constitution unconstitutional and to mandate the immediate convening of a constitutional convention to consider the new Constitution proposed in Project 2028." (*Id.* at 4–5.) In his accompanying Motion for Preliminary Injunction, Plaintiff asks that the United States Secret Service provide him with "24-hour protection throughout the pendency of this litigation," as he believes this "historic and unprecedented legal action" will make him "a target for lawless violence from those who may perceive his legal action as a threat to the status quo." (Dkt. No. 3 at 1, 3.) Plaintiff further requests that the Court require the Government to "facilitate his attendance and direct participation in any presidential debate between presidential candidates Kamala Harris and Donald Trump." (*Id.* at 1.)

## **LEGAL STANDARD**

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Accordingly, a claim based on a "meritless legal theory" or "baseless" factual contentions may be dismissed *sua sponte* at any time under § 1915(e)(2)(B).

2

*Neitzke v. Williams*, 490 U.S. 319, 324–25, 327–28 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8(a)(2) of the Federal Rules of Civil Procedure. To satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). The Fourth Circuit has explained that "though *pro se* litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those

3

trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

## **DISCUSSION**

As discussed above, the instant action seems to challenge the general validity of the United States Constitution while simultaneously invoking the rights and principles established therein. (*See* Dkt. No. 1 at 4, stating that the United States Constitution is "fundamentally unconstitutional.") Notwithstanding this problematic logic, the undersigned finds that Plaintiff's action is subject to summary dismissal for several reasons.

First, while the Complaint suggests that the Constitution's alleged discriminatory "impact" violates the "fundamental rights of all American citizens to equal protection under the law" (Dkt. No. 1 at 5), Plaintiff does not allege any discrete facts that demonstrate a personalized constitutional violation. Indeed, the jurisdiction of federal courts is limited to "cases" and "controversies," U.S. Const. art. III, § 2, cl. 1., and "standing is an essential and unchanging part of that case-or-controversy requirement," *Doe v. Obama*, 631 F.3d 157, 160 (4th Cir. 2011). To demonstrate Article III standing, a plaintiff must "show that he or she suffered an invasion of a legally protected interest that is concrete and particularized." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338–39 (2016); *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Thus, in the context of a civil rights action, a plaintiff "must allege that he, himself, sustained a deprivation of a right, privilege or immunity secured to him by the Constitution and laws of the United States." *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977); *see also Members of City Council v. Taxpayers for Vincent*, 466 U.S. 789, 796 (1984) (noting that, as a general rule, "a litigant only has standing to vindicate his own constitutional rights").

To that end, a plaintiff cannot demonstrate standing by bringing suit on behalf of the general public. *See Moss v. Spartanburg Cnty. Sch. Dist. Seven*, 683 F.3d 599, 604–05 (4th Cir. 2012) (explaining that plaintiffs may not establish standing "merely because they disagree with a

4

government policy . . . or because they share the generalized interest of all citizens in constitutional governance") (internal quotation marks and citations omitted); *see also Sierra Club v. Morton,* 405 U.S. 737, 739 (1972) (noting that a "mere interest in a problem, no matter how longstanding the interest . . . is not sufficient by itself" to establish a particularized interest). That is precisely what Plaintiff does here, as the Complaint presents his criticisms regarding the general creation and implementation of the United States Constitution "as a representative of the American people." (Dkt. No. 1 at 4.) The Complaint does not, however, reflect a concrete interest personal to Plaintiff that would render him any more injured than other people who might share those same criticisms.

Accordingly, the undersigned finds that Plaintiff likely cannot demonstrate the requisite standing to bring the instant suit. *See, e.g.*, *Murray v. Singhi*, No. 0:09-cv-451-PMD-PJG, 2009 WL 2447987, at *5 (D.S.C. Aug. 7, 2009) (finding complaint subject to partial summary dismissal with respect to plaintiff's allegations about matters applicable to "all mankind" and not directly related to plaintiff's own, individual constitutional rights or injuries); *Norton v. Columbus Cnty. Bd. of Elections*, 493 F. Supp. 3d 450, 456 (E.D.N.C. 2020) (noting that "a defendant's actions do not constitute an injury for purposes of Article III standing if the alleged injury is 'a general interest common to all members of the public'") (citing *Ex Parte Levitt*, 302 U.S. 633, 634 (1937) (per curiam)), *aff'd*, 834 F. App'x 54 (4th Cir. 2021); *Loyola v. Env't Prot. Agency*, No. 2:21-cv-2714-JD-MGB, 2022 WL 507648, at *5 (D.S.C. Jan. 11, 2022) (finding no standing where purpose of *pro se* plaintiff's action was "for the people to get justice" for certain wrongdoings against the "nation"), *adopted*, 2022 WL 507439 (D.S.C. Feb. 18, 2022).

Nevertheless, even if Plaintiff has standing to bring this action, the Court cannot grant the relief requested in his Complaint. Indeed, the only clear authority Plaintiff offers in support of his claim for an immediate constitutional convention is the Mandamus Act, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer

or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. (*See* Dkt. No. 1 at 5–6.) It is well-established that mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *Plato v. Roudebush*, 397 F. Supp. 1295, 1304–05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Garcia v. United States Att'y Gen.*, No. 8:23-cv-3501-JFA-JDA, 2023 WL 7224436, at *2 (D.S.C. Aug. 1, 2023) (referencing *Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984)), *adopted*, 2023 WL 6619424 (D.S.C. Oct. 11, 2023), *appeal dismissed*, No. 23-7112, 2024 WL 1926204 (4th Cir. Feb. 23, 2024).

Plaintiff does not identify any authority that would suggest that Congress has an affirmative duty to hold a constitutional convention at the request of a private citizen, nor is the Court aware of such. To the contrary, Article 5 of the United States Constitution provides,

> The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution, or on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments, which, in either Case, shall be valid to all Intents and Purposes, as Part of this Constitution, when ratified by the Legislatures of three fourths of the several States, or by Conventions in three fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress; Provided that no Amendment which may be made prior to the Year One thousand eight hundred and eight shall in any Manner affect the first and fourth Clauses in the Ninth Section of the first Article; and that no State, without its Consent, shall be deprived of its equal Suffrage in the Senate.

U.S. Const. art. V. Thus, there is no basis for issuing a writ of mandamus that compels Congress to convene a constitutional convention to consider Plaintiff's Project 2028.

It is for these same reasons that the undersigned also recommends denying Plaintiff's Motion for Preliminary Injunction. (Dkt. No. 3.) Immediate injunctive relief is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Collins v. Bernedette*, No. 2:22-cv-1391-RMG, 2022 WL 16951738, at *1 (D.S.C. Nov. 15, 2022)

("A preliminary injunction is an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it.") (internal citations and quotation marks omitted). Rather, a preliminary injunction should issue only when the movant has established all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see also Henderson for Nat'l Lab. Rels. Bd. v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (noting that "*Winter* made clear that each of these four factors must be satisfied to obtain preliminary injunctive relief").

Here, the first element is dispositive, as Plaintiff is not likely to succeed on the merits of his claims for the reasons discussed above. Moreover, the Court once again cannot provide Plaintiff with the requested relief in the first instance. Indeed, Plaintiff asks that the Court order the United States Secret Service to provide him with around-the-clock "protection" during the pendency of this lawsuit, arguing that the Government has a duty to ensure that he be able to exercise his rights freely. (Dkt. No. 3 at 1–2.) Contrary to Plaintiff's contention, however, there is no "affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual. . . ." *Turner v. Thomas*, 313 F. Supp. 3d 704, 712 (W.D. Va. 2018) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989)), *aff'd*, 930 F.3d 640 (4th Cir. 2019); *see also Goode v. Town of Kingstree*, No. 4:13-cv-3158-MGL, 2015 WL 1726575, at *12 (D.S.C. Apr. 15, 2015) (citing *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982) ("[T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution.")).

Similarly, Plaintiff asks the Court to coordinate his participation in any upcoming debates between presidential candidates Kamala Harris and Donald Trump (Dkt. No. 3 at 1), but does not explain why he is entitled to such relief or point to any authority of that effect. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Neitzke*, 490 U.S. at 327 (explaining that claims are "[l]egally frivolous" if they are "based on an 'indisputably meritless legal theory' and include 'claims of infringement of a legal interest which clearly does not exist'")). Accordingly, the undersigned finds that Plaintiff's requests for a preliminary injunction must also be denied.

## CONCLUSION

In light of the foregoing, the undersigned is of the opinion that Plaintiff cannot cure the deficiencies identified above by amending his Complaint. *See Domino Sugar Corp. v. Sugar Workers Local Union 392 of United Food and Commercial Workers Int'l Union*, 10 F.3d 1064 (4th Cir. 1993). The undersigned therefore **RECOMMENDS** that this action be **DISMISSED** without further leave to amend. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022). The undersigned further **RECOMMENDS** that Plaintiff's Motion for Preliminary Injunction (Dkt. No. 3) be **DENIED**.

**IT IS SO RECOMMENDED.**

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 18, 2024
Charleston, South Carolina

**The parties' attention is directed to an important notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).