IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Patrick Booker, ) | Case No. 8:24-cv-04593-DCC |
| *Personally and as Next Friend to Every* ) | |
| *American*, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court on Plaintiff's complaint seeking the Court to compel Congress to hold a constitutional convention, among other requests, and his motion for preliminary injunction. ECF Nos. 1, 3. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report"). On September 18, 2024, the Magistrate Judge issued a Report recommending that this action be dismissed without leave to amend and further recommending that Plaintiff's motion for preliminary injunction be denied. ECF No. 6. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff has not filed objections to the Report, and the time to do so has lapsed.

**APPLICABLE LAW AND ANALYSIS**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. See *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, Plaintiff has not filed objections to the Report; however, he has filed a notice of change of address, a motion for order to show cause, and a notice. ECF Nos. 10, 12, 13. Upon review, the notice of change of address does not address the Report and should not be considered as objections. The motion for order to show cause makes several allegations as to receiving his mail. With respect to this case, it appears he alleges that he was not given access to the prison mailroom for 10 days and that he believes the Clerk's Office is unreasonably delaying sending him documents in this case. In conclusion, he requests that the Court "issue a rule to show cause as to why the persons named should not be held in criminal contempt." ECF No. 12 at 3. In the notice,

dated October 9, 2024, Plaintiff states that he just received a copy of the Report in this case and reiterates that he believes the Clerk's Office is dilatory in sending out his mail.

As to Plaintiff's statements that the Clerk's Office has been holding his mail, those statements are mistaken. He contends that the Magistrate Judge issued the Report on September 18, 2024; however, it was not mailed until September 20, 2024. A review of the docket indicates that the Report was initially mailed on September 18, 2024. ECF No. 8. On September 20, 2024, the Court received Plaintiff's notice of change of address and remailed the Report the same day. ECF Nos. 10, 11. Indeed, the Clerk's Office has been exceptionally prompt in handling its responsibilities in this action. Further, even if Plaintiff's allegations were true, he has not provided any support for his conclusory allegations that the Clerk's Office is working to delay his proceedings.

In these documents, Plaintiff clearly states that he received the Report on October 9, 2024. Even giving him the benefit of this date for purposes of filing objections, he has not filed objections to the Report and has not requested an extension of time in which to do so. While clear error is the appropriate standard of review here, out of an abundance of caution for a pro se party and in light of the numerous filings in this action, the Court has conducted a de novo review. Upon such review, the Court agrees with the recommendation of the Magistrate Judge and strongly agrees that amendment would be futile.

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court adopts the recommendation of the Magistrate Judge.

Accordingly, the motion for preliminary injunction [3] is **DENIED** and this action is **DISMISSED** without leave to amend.  The motion for order to show cause [12] is **DENIED**.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

November 1, 2024
Spartanburg, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.